IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROLAND T. DAVIS,

    Petitioner,

v.

DAVID BOBBY, Warden,

    Respondent.

Case No. 2:10-cv-107
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Norah McCann King

## OPINION AND ORDER

Petitioner, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action under 28 U.S.C. § 2254. This matter is before the Court on Petitioner's unopposed motion for stay and abeyance. (Doc. # 16.) For the following reasons, the Court finds that Petitioner's motion is well taken and **GRANTS** it.

On April 9, 2010, following a status conference, the Court issued a *Scheduling Order* requiring Petitioner to file his habeas corpus petition by June 16, 2010. (Doc. # 11.) Petitioner filed his habeas corpus petition on June 15, 2010. (Doc. # 15.) Explaining that Petitioner is presently litigating in the Ohio Supreme Court an appeal from the state trial court's denial of his motion for a new trial, Petitioner's counsel indicated during the status conference that upon filing his habeas corpus petition, Petitioner would immediately ask the Court to stay the proceedings and hold them in abeyance, pending the conclusion of Petitioner's state court proceedings. Petitioner states that as of the filing of the instant motion, his appeal before the Ohio Supreme Court was still pending. Petitioner notes, as the Court noted in its April 9, 2010 *Scheduling Order* (Doc. # 11), that during status conferences conducted on February 25, 2010 and April 8, 2010, counsel for Respondent represented that Respondent would not oppose Petitioner's request

or object to the Court staying this habeas proceeding.

The Court concludes that Petitioner's request for a stay is well taken and the Court grants the same. Petitioner concedes in the instant motion that the habeas corpus petition he filed on June 15, 2010 contains both exhausted and unexhausted claims, the latter of which pertain to the appeal that is pending in the Ohio Supreme Court. Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). When a federal court is presented with a mixed petition containing both exhausted and unexhausted claims, the court has authority to stay the habeas proceeding, albeit under limited circumstances. *Rhines v. Weber*, 544 U.S. 269, 274-79 (2005); *see also Poindexter v. Mitchell*, 454 F.3d 564, 570 n.2 (6th Cir. 2006.) Thus, stay and abeyance is appropriate only if the Court determines that (1) there was good cause for Petitioner's failure to exhaust his unexhausted claims in the state courts, (2) Petitioner's exhausted claims are not plainly meritless, and (3) Petitioner is not intentionally engaging in dilatory tactics. *Rhines v. Weber*, 544 U.S. at 277-78; *see also Wiedbrauk v. Lavigne*, 174 F. App'x 993, 999 (6th Cir. 2006); *Banks v. Jackson*, 149 F. App'x 414, 421-22 (6th Cir. 2005).

Although the record before it is limited, the Court is satisfied that stay and abeyance is warranted in the instant case. It appears that Petitioner had good cause for his failure to exhaust his unexhausted claims because, based on his representations, he is exercising diligence in attempting to exhaust the claims now and has done so in a timely fashion under state rules. Petitioner initiated these habeas corpus proceedings without having exhausted certain claims, it would appear, only out of an abundance of caution to comply with the statute of limitations on

federal habeas corpus claims set forth in 28 U.S.C. § 2244(d)(1).

The limited record before the Court, along with Petitioner's representations, suggest that his unexhausted claims–primarily his twenty-second ground for relief–are not plainly meritless. The claims at issue involve the state trial court's denial of Petitioner's motion for leave to file an untimely motion for a new trial to demonstrate actual innocence based on newly discovered evidence. The key piece of evidence used to convict Petitioner was the presence of DNA on a towel found near the victim's body. Petitioner obtained an expert opinion that the State's DNA evidence was "questionable, overstated, and based on a flawed statistical database." (Petition, Doc. # 15, at 286.) It was a claim of trial counsel ineffectiveness for the failure to diligently challenge the State's DNA evidence that formed the basis of Petitioner's motion for leave to file an untimely motion for a new trial. Although Petitioner prevailed in neither the trial court nor the intermediate state appellate court, the Ohio Supreme Court has accepted jurisdiction to hear the merits of Petitioner's appeal. Based on the foregoing and out of an abundance of caution, the Court is satisfied at this point that Petitioner's unexhausted claims are not plainly meritless.

Finally, it does not appear to the Court that Petitioner is intentionally engaging in dilatory tactics. Petitioner argues that he was unable within the 120-day limit for filing a timely motion for a new trial to develop, discover, and present his newly discovered evidence impugning the State's DNA evidence. He asserts that once he obtained the newly discovered evidence, he acted diligently in seeking leave to file his motion for a new trial, and thereafter timely filed an appeal to the intermediate appellate court and a memorandum in support of jurisdiction in the Ohio Supreme Court. Although the record before the Court is limited, it does not support a finding that Petitioner has intentionally engaged in dilatory tactics in failing to exhaust his unexhausted

3

claims.

For the foregoing reasons and because it does not appear that Respondent objects, the Court **GRANTS** Petitioner's motion to stay these proceedings and hold them in abeyance (Doc. # 16) pending the conclusion of his state court proceedings to exhaust his twenty-second ground for relief. The Court **DIRECTS** the parties to notify it within thirty (30) days after the date of the Ohio Supreme Court's resolution of Petitioner's appeal.

**IT IS SO ORDERED.**

9-8-2010
**EDMUND A. SARGUS, JR.**
**United States District Judge**