IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROLAND T. DAVIS,

    Petitioner,

v.

WARDEN, Ohio State Penitentiary,

    Respondent.

Case No. 2:10-cv-107
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Norah McCann King

## OPINION AND ORDER

Petitioner, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action pursuant to 28 U.S.C. § 2254. This matter is before the Court on Petitioner's Motion to Stay Consideration of His Lethal-Injection Claims (ECF No. 62), Respondent's Opposition (ECF No. 63), and Petitioner's Reply (ECF No. 64). For the reasons that follow, the Court agrees with Petitioner's arguments and finds his motion to be well-taken.

Pursuant to this Court's February 26, 2014 Scheduling Order (ECF No. 49), Petitioner filed his Second Amended Petition on September 2, 2014. In that Petition, Petitioner presents 313 paragraphs and ten grounds for relief raising a litany of challenges to Ohio's execution policy, procedures, and practices. (ECF No. 61, at ¶¶ 883-1196.) In the instant motion, Petitioner requests an order staying consideration of his method-of-execution claims until sixty (60) days after Ohio conducts the first execution under the most recent version of Ohio's execution protocol, adopted on April 28, 2014. (ECF No. 62, at Page ID # 9320.) Ronald Phillips is the next Ohio inmate scheduled for execution; his execution date is February 11, 2015. Petitioner thus seeks until April 13, 2015 to file any motion for leave to amend or supplement his

method-of-execution claims. (*Id.*) Reasoning that "[t]he evidence from the next scheduled execution of Ronald Phillips will clearly be relevant to the question of whether the State of Ohio will ever be able to quickly, painlessly, and humanely execute Roland Davis," Petitioner asserts that the Court must afford him the opportunity to obtain "[t]he only information available to Davis about the operation of Ohio's newest execution protocol or any subsequently adopted protocols. . . ." (*Id.* at Page ID # 9324-9325.)

Respondent opposes Petitioner's motion. (ECF No. 63.) The basis of Respondent's objection is the Sixth Circuit's decision in *Scott v. Houk*, 760 F.3d 497 (6th Cir. 2014.) There, according to Respondent, the Sixth Circuit "clarifie[d] that method-of-execution claims should be pursued through Title 42 U.S.C. Section 1983 litigation." (ECF No. 63, at Page ID # 9331.) Respondent also appears to rely on the Sixth Circuit's statement in passing that " 'lethal injection does not violate the Constitution *per se*....' " (*Id.* (quoting *Scott*, 760 F.3d at 512).) Respondent concludes that "[b]ecause there is no merit to the assertion that a lethal-injection sentence violates the Constitution, it is now clear that this claim is not cognizable in habeas." (ECF No. 63, at Page ID # 9332.)

Petitioner asserts in his Reply that Respondent's interpretation of *Scott* is incorrect. (ECF No. 64.) According to Petitioner, "*Scott* did not—indeed, could not—overrule previous published circuit law, and did not relegate lethal-injection claims solely to the realm of § 1983 litigation." (*Id.* at Page ID # 9334.) Petitioner proceeds to point out that in *Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011), the Sixth Circuit held that method-of-execution challenges are cognizable in habeas. (ECF No. 64, at Page ID 9335.) "As *Adams* is a published Sixth Circuit opinion that predates *Scott*," Petitioner reasons, "the *Scott* panel could not have overruled *Adams* even if that was its intent." (*Id.*) Petitioner further asserts that although the *Scott* Court stated

that discovery of the facts underlying method-of-execution claims could be pursued in the § 1983 litigation to which Scott was a party, the *Scott* court did not hold that any such claims must be pursued exclusively in § 1983 litigation. (*Id.* at 9337.) Finally, Petitioner asserts that Respondent's argument is premature, insofar as the "fundamental matter at issue in [Petitioner's] current motion is the deadline by which [Petitioner] must move to amend his habeas pleading." (*Id.* at Page ID # 9338.) Petitioner points to other recent cases in which this and other Courts within this district have delayed consideration of method-of-execution claims until after the execution of Ronald Phillips. (*Id.* at Page ID # 9338-9339.)

As this matter was under advisement in chambers, the parties filed several notices of supplemental authority. First, Respondent filed a notice on November 3, 2014 citing to the Sixth Circuit's decision of *Frazier v. Jenkins*, issued on October 27, 2014. (ECF No. 66.) The Sixth Circuit in *Frazier*, having rejected all of the habeas corpus claims that Frazier had raised on appeal, opined as to Frazier's claim challenging Ohio's execution protocol that § 1983 litigation challenging Ohio's execution protocol to which Frazier was a party was "the proper avenue" for Frazier to raise his method-of-execution challenges. *Frazier*, No. 11-4262, 2014 WL 5419936, at * 15 (6th Cir. Oct. 27, 2014).

Also on November 3, 2014, Petitioner filed a notice citing *Michael Turner v. Warden*, No. 2:07-cv-595, S.D. Ohio Oct. 30, 2014 (ECF No. 234, at Page ID # 10466). (ECF No. 67.) In *Turner*, a court within this district issued a Decision and Order granting Turner's motion for an extension of time, to and including April 13, 2015, to file any motion for leave to file an amended petition to include lethal injection claims. (No. 2:07-cv-595, ECF No. 234, at Page ID # 10469-10470.)

Finally, on November 4, 2014, Respondent filed another notice, this time citing *Raglin v.*

*Mitchell*, 1:00-cv-767, S.D. Ohio Nov. 3, 2014 (ECF No. 215, at Page ID # 2515). (ECF No. 68.) In *Raglin*, the same Magistrate Judge who granted an extension in *Turner* recommended denying a similar request for an extension by *Raglin*. In acknowledging these divergent results on two similar requests, the Magistrate Judge explained that although the Court previously had been granting all such extensions filed in capital habeas corpus cases, "considerations of judicial economy suggest treating the cases individually rather than with a blanket decision." (No. 1:00-cv-767, ECF No. 215, at Page ID # 2514.) "In cases such as this one," the Magistrate Judge continued, "where all other claims have been finally decided, there is no pressing reason to delay appeal and consideration by the Sixth Circuit." (*Id.* at Page ID # 2514.) Finally, the Magistrate Judge opined that Raglin should be able to "file a second-in-time habeas petition limited to lethal injection claims within one year from the date on which the offending protocol is adopted." (*Id.* at Page ID # 2516.)

This Court is of the view that it should stay consideration of Petitioner's method-of-execution claims as Petitioner requests. The Court agrees with Petitioner that Respondent's reliance on *Scott v. Houk* is misplaced. First, as Petitioner points out, the Sixth Circuit held in *Adams v. Bradshaw*, 644 F.3d at 483, that method-of-execution claims sound in habeas corpus and *Adams* remains the law of the land in the Sixth Circuit. Moreover, the Court further agrees with Petitioner that even if the *Scott* court intimated that litigants could best pursue and develop the facts underlying method-of-execution claims in § 1983 litigation, nowhere did the *Scott* court state that litigants could pursue such claims only in § 1983 litigation.

*Frazier* does not alter the Court's conclusion in this regard. As in *Scott v. Houk*, the Sixth Circuit in *Frazier* stopped short of saying that the petitioner could raise his method-of-execution claims only in § 1983 litigation. Further, *Turner* supports this Court's conclusion. In

granting Turner's motion for an extension of time, the Magistrate Judge expressly stated that neither *Scott v. Houk* nor *Frazier v. Jenkins* precluded the relief that Turner sought—relief that is essentially identical to that requested by Petitioner herein. That being so, Respondent's assertion that method-of-execution claims are not cognizable in habeas corpus does not provide a basis for denying Petitioner's motion for an order staying consideration of Petitioner's method-of-execution claims.

The Court further rejects Respondent's additional suggestion Petitioner's method-of-execution claims are not cognizable because lethal injection does not violate the Constitution *per se*. Respondent's argument is premature. Respondent's position is more tantamount to an argument not that Petitioner's method-of-execution claims are non-cognizable, but that they are without merit. And the merits of Petitioner's method-of-execution claims, or any other claims for that matter, are not yet before this Court. This Court's own Scheduling Order (ECF No. 49) essentially suspends the filing of Respondent's Return of Writ and Petitioner's Traverse until after the Court resolves any procedural default issues and not even those issues are yet ripe for review. As premature, any suggestion by Respondent that lethal injection does not violate the Constitution *per se* does not provide a basis for denying Petitioner's request for an order staying consideration of his method-of-execution claims.

*Raglin*, accordingly, does not support Respondent's opposition. As noted above, Petitioner Davis herein is in the initial pleading stage of this habeas corpus proceeding. None of his habeas corpus claims are ripe for review on the merits by this Court, much less ripe for appeal. That being so, Petitioner herein is more similarly situated to Turner than he is to Raglin.

Having rejected Respondent's arguments, the Court turns to the substance of Petitioner's motion. In short, this Court agrees with Petitioner's argument that facts stemming from the

execution of Ronald Phillips are critical to Petitioner's ability to meaningfully plead his claims challenging the constitutionality of Ohio's execution policy, procedures, and practices. Petitioner's request for sixty (60) days from that execution is reasonable.

For good cause and because no undue delay will result, the Court **GRANTS** Petitioner's Motion to Stay Consideration of His Lethal-Injection Claims. (ECF No. 62.) Petitioner shall have until and including April 13, 2015 to file any motion to amend or supplement his method-of-execution claims.

**IT IS SO ORDERED.**

11-10-2014

**EDMUND A. SARGUS, JR.**
**United States District Judge**