IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROLAND T. DAVIS,

    Petitioner,

v.

DAVID BOBBY, Warden,

    Respondent.

Case No. 2:10-cv-107
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

Petitioner, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action under 28 U.S.C. § 2254. This matter is before the Court on Respondent's Motion to Dismiss the Twenty-Fourth through Thirty-Third Grounds for Relief (ECF No. 88), directed at Petitioner's method-of-execution claims.

The original Petition did not present any free-standing method-of-execution claims, just allegations set forth in support of Petitioner's claim challenging the constitutionality of Ohio's capital punishment scheme. (ECF No. 15, at Page ID # 408-411.) When the Court first allowed Petitioner to amend his Petition to add method-of-execution claims (ECF No. 34), those challenges consisted of one Eighth Amendment claim alleging cruel and unusual punishment and one Fourteenth Amendment claim alleging equal protection violations, spanning a total of six pages (ECF No. 28-1, at Page ID # 494-499). Petitioner's method-of-execution challenges have since metastasized into 10 claims spanning 94 pages. (ECF No. 85, at Page ID # 10200-10293.) Although this Court found that metamorphosis troubling, the United States Supreme Court's June 29, 2015 decision in *Glossip v. Gross*, 135 S.Ct. 2726, 2738 (2015), appeared to call into question whether any method-of-execution claims remained cognizable in habeas corpus.

*Glossip v. Gross* involved a § 1983 challenge by Oklahoma death row inmates alleging "that midazolam, the first drug employed in the State's current three-drug protocol, fails to render person insensate to pain." *Id.* at 2731. In explaining why an announced requirement that movants identify an alternative method of execution did not contravene the Court's decision in *Hill v. McDonough*, 547 U.S. 573 (2006), the Supreme Court stated as follows:

> The portion of the opinion in *Hill* on which [the petitioners] rely concerned a question of civil procedure, not a substantive Eighth Amendment question. In *Hill*, the issue was whether a challenge to a method of execution must be brought by means of an application for a writ of habeas corpus or a civil action under § 1983. *Id.*, at 576, 126 S.Ct. 2096. ***We held that a method-of-execution claim must be brought under § 1983 because such a claim does not attack the validity of the prisoner's conviction or death sentence.***

*Glossip*, 135 S.Ct. at 2738 (emphasis added).

This statement regarding *Hill* struck the Court as significant. In *Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011), the Sixth Circuit, based on an expansive reading of *Hill* and *Nelson v. Campbell*, 541 U.S. 637, 646 (2004), held that method-of-execution challenges are cognizable in habeas corpus. This Court and other courts within this District since relied on *Adams* in accepting the proposition that method-of-execution claims properly sound in habeas corpus. *Glossip* appeared to call into question whether *Adams v. Bradshaw* remained good law.

But on March 15, 2016, the Sixth Circuit issued *Adams v. Bradshaw*, Case No. 07-3688, 2016 WL 963862 (6th Cir. Mar. 15, 2016) ("*Adams II*"), affirming the district court's most recent decision denying Adams's petition for habeas corpus relief. As to Adams's contention that lethal injection as a means of execution violates the constitutional prohibition against cruel and unusual punishment, the Sixth Circuit stated as follows:

> [N]otwithstanding the warden's assertion that a method-of-execution challenge can only be brought in a § 1983 action under *Hill v. McDonough*, 547 U.S. 573 (2006), Adams can bring this claim in a § 2254 proceeding. As the warden

submits, *Glossip* stated that *Hill* "held that a method-of-execution claim must be brought under § 1983 because such a claim does not attack the validity of the prisoner's conviction or death sentence." *Glossip*, 135 S.Ct. at 2738. As we observed in *Adams*, 644 F.3d at 483, however, Adams's case is distinguishable from that presented in *Hill* because at least some of Adams's claims, if successful, would bar his execution, and Adams does not concede that lethal injection can be administered in a constitutional manner. *Cf. Hill*, 547 U.S. at 580.

*Adams II*, 2016 WL 963862, at * 14.

In its September 29, 2015 Opinion and Order addressing procedural default, this Court deferred consideration of Respondent's motion to dismiss Petitioner's method-of-execution claims, noting that those claims had been amended and would be subject to a separate round of procedural-default briefing. (ECF No. 94, at Page ID # 10772.) On June 1, 2015, Respondent filed a motion to dismiss grounds twenty-four through thirty-three as procedurally defaulted. (ECF No. 88.) Following Petitioner's response in opposition (ECF No. 89), Respondent filed a Reply arguing for the first time that those claims should be dismissed on the basis of *Glossip v. Gross*. (ECF No. 90.) Petitioner filed a sur-reply on August 10, 2015. (ECF No. 93.) The Court is of the view that the parties should be permitted to address the impact of *Adams II* on the viability of Petitioner's method-of-execution claims before the Court resolves Respondent's motion to dismiss grounds twenty-four through thirty-three.

For the foregoing reasons, Respondent's Motion to Dismiss Grounds Twenty-Four through Thirty-Three (ECF No. 88) is **DENIED WITHOUT PREJUDICE, subject to renewal**, as appropriate, following briefing on the impact of *Adams II*. Respondent shall have fourteen (14) days from the date the mandate in *Adams II* issues to file a supplemental memorandum addressing the impact of *Adams II* on Respondent's motion to dismiss grounds twenty-four through thirty-three. Petitioner may respond to Respondent's supplemental memorandum not later than fourteen (14) days after it is filed.

IT IS SO ORDERED.

                                                  3-25-2016
                                     EDMUND A. SARGUS, JR.
                                     CHIEF UNITED STATES DISTRICT JUDGE