IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROLAND T. DAVIS,

    Petitioner,

v.                                                          Case No. 2:10-cv-107
                                                                       CHIEF JUDGE SARGUS
DAVID BOBBY, Warden,                    Magistrate Judge Jolson

    Respondent.

## OPINION AND ORDER

Petitioner, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action pursuant to 28 U.S.C. § 2254. This matter is before the Court on Petitioner's Motion for Discovery (Doc. 108), Respondent's Opposition (Doc. 109), and Petitioner's Reply (Doc. 115).

### I. FACTUAL HISTORY

The relevant underlying facts are taken from the Supreme Court of Ohio's 2008 opinion, *State v. Davis*:

> During the late evening of July 10 or the early morning of July 11, 2000, an intruder entered 86-year-old Elizabeth Sheeler's Newark, Ohio apartment. The intruder then murdered Sheeler by stabbing her in the neck and chest. The intruder stole money from the apartment and fled the scene.
>
> The murder went unsolved for almost four years. In 2004, DNA testing identified defendant-appellant, Roland Davis, as the murderer of Sheeler. Subsequently, Davis was convicted of the aggravated murder of Sheeler and sentenced to death.

2008-Ohio-2, ¶ 1, 116 Ohio St. 3d 404, 404, 880 N.E.2d 31, 42–43.

## II. PROCEDURAL HISTORY

Although Petitioner filed this case on February 5, 2010, it is still in its relative infancy. The operative complaint in this case was filed on May 1, 2015, and Petitioner's First Motion for Discovery is now before the Court. (Doc. 108). In the Motion, Petitioner seeks the following discovery related to his first, seventeenth, and eighteenth grounds for relief:

A. **First Ground for Relief:** Wearing of Visible Stun Belt Device Without a Hearing on the Necessity for Shackling.

Depositions of:

    1. Courtroom deputies, Marcus Ramsey and Anthony Phillips;

    2. Law enforcement personnel or persons responsible for maintaining, fixing, and placing the stun device on Davis;

    3. Attorney Kirk McVey;

    4. Attorney Andrew Sanderson.

B. **Seventeenth Ground for Relief:** State's Failure to Disclose Material, Favorable Evidence.

Depositions of:

    1. Richard Hummel;

    2. Attorney Kirk McVey;

    3. Attorney Andrew Sanderson.

C. **Eighteenth Ground for Relief:** Ineffective Assistance of Counsel.

    1. Pre-trial Phase
    2. Trial Phase
    3. Penalty Phase

Depositions of:

    1. Attorney Kirk McVey;

2. Attorney Andrew Sanderson;

3. Mitigation Specialist Martha Phillips, (as to the claims that counsel failed to investigate and prepare for mitigation);

4. Psychologist Dennis M. Eshbaugh, (as to the claims that counsel failed to recognize, request, or show the need for expert and investigative assistance);

5. Investigator Matt Sauer, (as to the claims that counsel failed to recognize, request, or show the need for expert and investigative assistance);

6. Dr. Theodore D. Kessis of Applied DNA Resources, (as to the claims that counsel failed to recognize, request, or show the need for expert and investigative assistance);

7. Jurors as to the impact of inculpatory DNA evidence that was not properly challenged by trial counsel and the impact of the failure to present available compelling mitigating evidence at the penalty phase;

8. Records deposition for venire records for Licking County, Ohio (as to the claims that counsel failed to challenge the venire to ensure a fair cross-section of the community);

9. Damien Turner (as to the claims that counsel failed to investigate or present testimony of Damien Turner);

10. Deposition and records deposition of Detective Timothy Elliget, criminality for the Newark Police Department;

11. Detective Timothy Elliget or a representative of the Newark Police Department if fingerprints and palm prints are entered into additional databases.

The Court previously concluded that these claims are not procedurally defaulted but has not passed on the merits of the claims. (*See* Doc. 94).

## III. DISCUSSION

Habeas corpus actions are unique. The Federal Rules of Civil Procedure's liberal discovery mechanisms do not automatically apply, and "[a] habeas petitioner . . . is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *see*

*also Harris v. Nelson*, 394 U.S. 286, 295 (1969) (holding that the "broad discovery provisions" of the Federal Rules did not apply in habeas corpus proceedings). Instead, the Rules Governing Section 2254 Cases provide that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rule 6(a). Under this "good cause" standard, a district court may grant leave to conduct discovery in habeas corpus proceedings only "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are more fully developed, be able to demonstrate that he is . . . entitled to relief[.]'" *Bracy*, 520 U.S. at 908–09 (quoting *Harris*, 394 U.S. at 300); *see also Williams v. Bagley*, 380 F.3d 932, 974–75 (6th Cir. 2004); *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). Consequently, a habeas petitioner must overcome the good-cause hurdle before engaging in discovery.

Beyond Rule 6(a), Respondent argues for the Court to impose another barrier to discovery here: *Cullen v. Pinholster*, 563 U.S. 170 (2011). (Doc. 108, at PAGEID #: 11254–60, Doc. 109, at PAGEID #: 11285–87). In *Pinholster*, a state prisoner brought a § 2254 petition based on an ineffective assistance claim that had been rejected on the merits in a state collateral proceeding. *Id.* at 177. In federal court, the petitioner argued that counsel was ineffective at the penalty phase of his capital trial by failing to develop mitigating evidence sufficiently, including evidence that the petitioner suffered from mental disorders. *Id.* The district court conducted an evidentiary hearing at which the petitioner called mental health experts who had not been part of the state court proceedings. *Id.* at 179. The district court granted habeas relief, and the Ninth Circuit affirmed, concluding that the state court had unreasonably applied the standard for ineffective assistance set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.* at 180. The

4

Supreme Court granted certiorari to resolve, in part, the question of whether "review under § 2254(d)(1) permits consideration of evidence introduced in an evidentiary hearing before the federal habeas court." *Id.* at 180.

The Supreme Court reversed. The Court made clear that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits" because the federal habeas scheme was designed to leave "primary responsibility with the state courts." *Id.* at 181–82. Consequently, "[i]t would be contrary to that purpose to allow a petitioner to overcome an adverse state-court decision with new evidence introduced in a federal habeas court and reviewed by that court in the first instance effectively *de novo*." *Id.* Put simply, "review under § 2254(d)(1) focuses on what a state court knew and did." *Id.*

Here, Respondent concedes that *Pinholster* does not address expressly the availability of discovery in light of § 2254(d)(1) but argues that "the Supreme Court's reasoning logically and necessarily applies to any attempt to place new factual information before the federal courts." (Doc. 109, at PAGEID #: 11285). Petitioner contrarily asserts that "'*Pinholster* did not, strictly speaking, alter or even speak to the standards governing discovery set forth in Rule 6'" and the "good cause" standard set out in *Bracy*. (Doc. 108, at PAGEID #: 11254) (quoting *Conway v. Houk*, No. 2:07-cv-947, 2011 WL 2119373, *3 (S.D. Ohio May 26, 2011)). Petitioner thus urges that "[t]he decision as to what evidence obtained in discovery may be used in federal court, or what evidence may be required to be presented in state court first, is for another day and does not provide a basis to reject Davis' discovery requests." (Doc. 108, at PAGEID #: 11254–55).

As the parties and numerous courts have recognized, neither the Supreme Court nor the United States Court of Appeals for the Sixth Circuit has provided explicit guidance on the

interplay between *Pinholster* and the availability of discovery in habeas corpus proceedings. *See Grp. v. Robinson*, 132 F. Supp. 3d 954, 960 (N.D. Ohio 2015) ("The Supreme Court and the Sixth Circuit have not declared whether a habeas petitioner can stage discovery in this way"); *Williams v. Houk*, No. 4:06 CV 451, 2012 WL 6607008, at *4 (N.D. Ohio Dec. 18, 2012) ("There is no clear guidance from either the Supreme Court or the Sixth Circuit regarding how *Pinholster* applies to the availability of discovery in federal habeas proceedings."). Without guidance, courts have divided. *Compare e.g.*, *Kyle v. Gansheimer*, No. 5:11-cv-1395, 2011 WL 4566363, at *1–2 (N.D. Ohio Sep. 29, 2011) ("Allowing further factual development [as to claims adjudicated on the merits] in this case would be futile because the Court could not consider any of the newly discovered evidence on review."), *with e.g.*, *Ervin v. Cullen*, No. C 00-01228, 2011 WL 4005389, at *3–4 (N.D. Cal. Sep. 8, 2011) (allowing discovery because it might assist in determining whether a hearing is warranted and because "[h]ere, Petitioner faces the ultimate punishment, and his discovery requests relate to potentially exculpatory evidence").

For two primary reasons, the Court concludes that *Pinholster* must be applied to the discovery requests here. First, while the Sixth Circuit has not ruled expressly that *Pinholster* should be considered with respect to a motion to conduct discovery, the Sixth Circuit has held consistently that *Pinholster* precludes consideration of new evidence developed in federal habeas corpus as to claims that the state courts adjudicated on the merits. *See, e.g.*, *Loza v. Mitchell*, 766 F.3d 466, 494 (6th Cir. 2014); *Moore v. Mitchell*, 708 F.3d 760, 780–84 (6th Cir. 2013). That strongly suggests to this Court that *Pinholster*'s holding necessarily informs any determination as to whether discovery is warranted. It also begs the question, "How can good cause exist to conduct discovery that, as a matter of law, cannot be used?" Indeed, *Bracy* permits

6

courts to permit discovery only "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are more fully developed, be able to demonstrate that he is . . . entitled to relief[.]'" *Bracy*, 520 U.S. at 908–09 (quoting *Harris*, 394 U.S. at 300). Put simply, unusable evidence cannot lead to relief.

Which brings this Court to its second point. Five years removed from *Pinholster*, it has become increasingly clear that judicial economy demands that *Pinholster* be considered in determining whether good cause exists for conducting discovery. Even *Conway v. Houk*, in declining to find that *Pinholster* precluded discovery, acknowledged the "downside" of its decision: "the possibility that time and money will be expended discovery of evidence that this Court might never consider." *Conway*, 2011 WL 2119373, at *4. Since *Conway*, the winds have blown mostly in one direction.

In *Caudill v. Conover*, 871 F. Supp. 2d 639, 649–50 (E.D. Ky. 2012), for example, the court denied without prejudice motions for discovery, appointment of experts, and an evidentiary hearing, pending 2254(d) review, rather than "creat[ing] a substantial risk of wasting resources and delaying resolution of [the] matter." Similarly, in *Skatzes v. Smith*, No. 3:09-cv-289, 2012 WL 604300 (S.D. Ohio Feb. 24, 2012), the court found that consideration of *Pinholster* in the discovery context was unavoidable:

> Prior to the decision in *Pinholster*, it had been this Magistrate Judge's strong preference to maintain in capital habeas corpus litigation a close parallel to the processing of ordinary civil cases, to wit, pleading, followed by discovery, followed by an evidentiary hearing in most cases, followed by a recommendation on the merits. While the implications of *Pinholster* are not yet clear, it now appears more conducive to judicial economy to decide § 2254(d)(1) and (2) and procedural default defense issues first, at least before authorizing discovery as extensive as that sought in this case.

2012 WL 604300, at *10; *see also Johnson v. White*, Civil Action No. 7:14-117, 2017 WL

7

1086769, at *4–5 (E.D. Ky. Mar. 30, 2017) ("Although *Pinholster* only addressed whether a federal habeas court conducting a § 2254(d) analysis could consider evidence introduced from an *evidentiary hearing*, there is no reason why *Pinholster*'s holding would not apply with equal force to new evidence obtained through *discovery*" and Johnson's "present motion cannot escape the shadow of *Pinholster*") (emphasis in original); *Harrison v. Clarke*, No. 2:14-cv-467, 2015 WL 13081206, at *5 (E.D. Va. May 15, 2015) ("Based on the clear statements from *Pinholster*, the undersigned recommends . . . finding that a motion for discovery is not appropriate unless the state court's determination was an unreasonable application of federal law or an unreasonable determination of the facts."); *Coddington v. Martel*, Civ. No. S-01-1290, 2013 WL 5486801, at *5–7 (E.D. Cal. Sep. 30, 2013) (collecting cases on linkage between *Pinholster* and discovery); *Kyle v. Gansheimer*, No. 5:11-cv-1395, 2011 WL 4566363, at *1–2 (N.D. Ohio Sep. 29, 2011) ("Allowing further factual development [as to claims adjudicated on the merits] in this case would be futile because the Court could not consider any of the newly discovered evidence on review.").

The Court is aware of the cases going the other way. *See, e.g.*, *Gibson v. Wetzel*, Civil Action No. 11-4550, 2016 WL 1273626, at *3 (E.D. Pa. Mar. 31, 2016) ("While the Court appreciates that courts across the country are trending toward applying *Pinholster* to Rule 6 discovery, this Court humbly dissents."); *Pike v. Johnson*, No. 1:12-cv-35, 2013 WL 2457718, at *3–4 (E.D. Tenn. Jun. 6, 2013) (allowing discovery over *Pinholster*-based objections because evidence may be relevant to challenge to state court's factual findings "even if the evidence itself cannot be considered in the eventual review pursuant to 28 U.S.C. § 2254(d)(1)"); *High v. Nevens*, No. 2:11-cv-00891, 2013 WL 1292694, at *4–5 (D. Nev. Mar. 29, 2013) (allowing

discovery over *Pinholster*-based objections because the Court was not yet deciding the merits, the standard of review for deciding the merits, exhaustion, procedural default, timeliness, or possibility of stay-and-abeyance); *Ervin v. Cullen*, 2011 WL 4005389, at *3–4 (recognizing that courts have relied on *Pinholster* to limit discovery in connection with petitioners for habeas relief, but allowing discovery because discovery may assist in determining in whether a hearing is warranted and because "[h]ere, Petitioner faces the ultimate punishment, and his discovery requests relate to potentially exculpatory evidence"). However, the trend is not in Petitioner's favor, and at least one circuit court has expressly applied *Pinholster* to the discovery context. *See Runningeagle v. Ryan*, 686 F.3d 758, 773–74 (9th Cir. 2012) (holding that Petitioner was not entitled to an evidentiary hearing or additional discovery in federal court because review of his claims "'is limited to the record that was before the state court that adjudicated the claim on the merits'") (citing *Pinholster*, 563 U.S. at 180). This Court agrees with the majority and looks to *Pinholster* here.

None of Petitioner's arguments persuade the Court otherwise. Petitioner first argues that *Pinholster* should not preclude discovery when there exist "serious questions concerning the conduct of the trial" (Doc. 108, at PAGEID #: 11255), or when the state courts refuse to allow any or adequate factual development (*Id.*, at PAGEID #: 11256–11259). Specifically, Petitioner argues that such concern is particularly acute when a petitioner diligently pursued discovery in the state courts, as is the case here. (*See generally id.*). While this Court finds this argument at least somewhat persuasive, the Sixth Circuit has rejected any suggestion that *Pinholster* applies only to cases in which the state courts permitted factual development during collateral review. *See Donaldson v. Booker*, 505 F. App'x 488, 493 (6th Cir. 2012) (rejecting argument that

9

*Pinholster* does not apply to cases where the petitioner requested an evidentiary hearing and was not at fault for the failure to develop the record in state court); *Fears v. Bagley*, 462 F. App'x 565, 573–74 (6th Cir. 2012) (same); *see also Waddy v. Robinson*, Case No. 3:98-cv-084, 2014 WL 4674291, at *4 (S.D. Ohio Sep. 18, 2014) (nothing in *Pinholster* "suggests that a habeas petitioner who has been denied discovery in the state courts is empowered to use federal habeas discovery to correct that denial."); *Turner v. Hudson*, No. 2:07-cv-595, 2012 WL 511442, at *3 (S.D. Ohio Feb. 15, 2012) ("The Supreme Court [in *Pinholster*] did not recognize an exception for cases where the petitioner had been diligent in state court.").

In *Fears*, for example, the petitioner argued that *Pinholster* did not preclude consideration of evidence presented during an evidentiary hearing before the Magistrate Judge because the petitioner had attempted to present much of that evidence to the state courts on collateral review but was denied the opportunity to do so. The Sixth Circuit disagreed, holding "[w]hile true that a defect in process may allow for de novo consideration of a claim brought before the state court on collateral review, *Panetti v. Quarterman*, 551 U.S. 930, 950, 127 S.Ct. 2842, 168 L.Ed.2d 662 (2007), [the petitioner] asserts no clearly established federal law indicating that his collateral review was defective." *Fears*, 462 F. App'x at 574. Consequently, the Sixth Circuit said, "*Pinholster* is applicable." *Id.*

Similarly, in *Ballinger v. Prelesnik*, 709 F.3d 558 (6th Cir. 2013), the petitioner in that case argued that the state court decision rejecting his claim could not be considered an adjudication on the merits because highly relevant documents were absent from the trial record. Again, the Sixth Circuit rejected the argument. "While allowing a petitioner to supplement an otherwise sparse trial court record may be appealing, especially where he diligently sought to do

so in state court, the plain language of *Pinholster* and *Harrington* [*v. Richter*, 562 U.S. 86 (2011)] precludes it." 709 F.3d at 562 (citing *Atkins v. Clarke*, 642 F.3d 47, 49 (1st Cir. 2011)).

Petitioner also argues that where § 2254(d)(1) does not bar habeas corpus relief, a petitioner is permitted to develop and present new evidence. (Doc. 108, at PAGEID #: 11259). The Court acknowledges as much *infra*, but that is not a basis for excluding *Pinholster* from the determination of whether discovery is warranted.

Finally, the Court notes that there are circumstances under which consideration of new evidence does not contravene *Pinholster*—such as if the Court determines from the existing record that the state courts' decision was unreasonable under § 2254(d); if a claim was not adjudicated on the merits but is otherwise properly before the Court for habeas review; or if the Court is considering whether to excuse a procedural default. *See, e.g.*, *Caudill*, 871 F. Supp. 2d at 649. Here, the Court has ruled on issues of procedural default (Doc. 94) but has not yet made any comprehensive determinations as to whether the Petition contains claims that the state courts did not adjudicate on the merits but that are otherwise properly before the Court or any determination of whether the state court decisions that did adjudicate claims on the merits comported with the "reasonableness" standard set forth in 28 U.S.C. § 2254(d). Postured as such, Petitioner's motion for discovery is **DENIED without prejudice**, subject to reconsideration or renewal should the Court answer any of the inquiries above in the affirmative. *See, e.g.*, *Coddington v. Martel*, 2013 WL 5486801, at *7 ("While it may make sense to permit the parties to undertake discovery early in the proceedings, it may also make sense to defer discovery until it appears that the undertaking will not be futile."); *see also Johnson v. White*, 2017 WL 1086769, at *5; *Lang v. Bobby*, No. 5:12-cv-2923, 2014 WL 5393574, at *4–6 (N.D.

Ohio Oct. 23, 2014) (same); *Williams v. Houk*, No. 4:06-cv-451, 2012 WL 6607008, at *3–5 (N.D. Ohio Dec. 18, 2012) (same).

## IV.     CONCLUSION

For the foregoing reasons, the Court **DENIES** Petitioner's Motion for Discovery (Doc. 108) **without prejudice**, subject to reconsideration or renewal if the Court determines from the existing record that the state-court decision on a claim upon which Petitioner seeks discovery was unreasonable under § 2254(d), or if the Court determines that a claim upon which Petitioner seeks discovery was not adjudicated on the merits but is otherwise properly before the Court for habeas review, or if the Court revisits consideration of whether to excuse a procedural default as to any of the claims upon which Petitioner seeks discovery.

## V.     APPEAL PROCEDURE

Any part may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. § 636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This Order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

Date:  June 13, 2017                                          /s/ Kimberly A. Jolson
                                                              KIMBERLY A. JOLSON
                                                              UNITED STATES MAGISTRATE JUDGE