IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROLAND T. DAVIS,

    Petitioner,

v.

DAVID BOBBY, Warden,

    Respondent.

Case No. 2:10-cv-107
CHIEF JUDGE SARGUS
Magistrate Judge Jolson

## OPINION AND ORDER

Petitioner, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action pursuant to 28 U.S.C. § 2254. This matter is before the Court on Petitioner's Motion for Leave to File an Amended Petition to Address Newly Ripe Claims Under *Hurst v. Florida* (ECF No. 112), Respondent's Opposition (ECF No. 113), and Petitioner's Reply (ECF No. 116).

A motion to amend a habeas corpus petition is, per 28 U.S.C. § 2242, subject to the same standards which apply generally to motions to amend under Fed. R. Civ. P. 15(a). The general standard for considering a motion to amend under Fed. R. Civ. P. 15(a) was enunciated by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

371 U.S. at 182. *See also Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997) (citing *Foman*

1

standard). In considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would be futile, i.e., if it could withstand a motion to dismiss under Rule 12(b)(6). *Hoover v. Langston Equip. Assocs.*, 958 F.2d 742, 745 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 248 (6th Cir. 1986); *Marx v. Centran Corp.*, 747 F.2d 1536 (6th Cir. 1984); *Communications Systems, Inc. v. City of Danville*, 880 F.2d 887 (6th Cir. 1989); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983); *Neighborhood Development Corp. v. Advisory Council*, 632 F.2d 21, 23 (6th Cir. 1980). Likewise, a motion to amend may be denied if it is brought after undue delay or with dilatory motive. *Foman*, 371 U.S. 178; *Prather v. Dayton Power & Light Co.*, 918 F.2d 1255, 1259 (6th Cir. 1990).

Petitioner seeks to file an Amended Petition with a claim addressing the impact of *Hurst v. Florida*, 136 S.Ct. 616 (2016), on the constitutionality of Ohio's capital sentencing procedures as they were applied to Petitioner. Asserting that the Supreme Court in *Hurst* reiterated that the Sixth Amendment requires that Petitioner's death sentence be premised on a jury's verdict, not a judge's factfinding, Petitioner argues as follows:

> The Ohio death penalty scheme suffers from the same constitutional deficiencies as the scheme ruled unconstitutional in Florida because the jury in an Ohio capital case does not make factual findings regarding the existence of mitigating factors or explain why the statutory aggravating circumstances outweigh the mitigating factors beyond a reasonable doubt. As in Florida, the jury does not make any findings regarding the existence of mitigating factors, the weight to be given to those mitigating factors, or why the statutory aggravating circumstances outweigh the mitigating factors – and the jury's verdict is only a recommendation. Pursuant to Ohio Rev. Code §2929.03(F), it is the trial judge and not the jury who must make the ultimate findings of facts that determine whether a defendant is actually sentenced to death.

(ECF No. 112, at PageID 11305.) Petitioner insists that his proposed new claim clearly states a

valid cause of action, and that amending his Petition to add this *Hurst* claim would not be futile because the Supreme Courts of Florida and Delaware have held that *Hurst* should be applied retroactively under state law or concerns of fundamental fairness. (*Id.* at PageID 11305-11306.) Petitioner further asserts that he has not acted in bad faith or with dilatory motive, insofar as he brought this request within the one-year statute of limitations applicable to habeas corpus cases. (*Id.* at PageID 11306.)

Respondent counters that Petitioner "is completely and fundamentally incorrect about what *Hurst* holds." (ECF No. 113, at PageID 11321.) According to Respondent, all that the Supreme Court held in *Hurst* was "that the factors/circumstances/elements that **render a defendant eligible** for a death sentence must be presented to a jury and determined beyond a reasonable doubt, just like an element of the crime itself." (*Id.* at PageID 11321 (emphasis in original).) Respondent asserts that Ohio's capital sentencing scheme is unlike Florida's because an Ohio defendant becomes "death eligible" only if the jury finds beyond a reasonable doubt that the defendant is guilty of at least one statutory aggravating circumstance. (*Id.* at PageID 11323.) "In Ohio," Respondent continues, "a defendant's case never even gets to the mitigation phase **unless** the jury first determines guilt of enumerated capital specifications beyond a reasonable doubt during the guilt phase of the case." (*Id.* (emphasis added).) Respondent also asserts that "[t]he Ohio Supreme Court has expressly rejected the notion that *Hurst* invalidates Ohio's capital sentencing structure." (*Id.* at PageID 11324 (discussing *State v. Belton*, 2016-Ohio-1581, 2016 WL 1592786).)

In *Hurst v. Florida*, the Supreme Court overruled its prior decisions[1] upholding the

---

[1] *Hildwin v. Florida*, 490 U.S. 638 (1989) (*per curiam*); *Spaziano v. Florida*, 468 U.S.

3

constitutionality of Florida's death penalty scheme. Relying on its prior decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Ring v. Arizona*, 536 U.S. 584 (2002), the Supreme Court held that "[t]he Sixth Amendment requires a jury, not a judge, to find each fact necessary to impose a sentence of death." 136 S.Ct. at 619. The problem with Florida's scheme, the Supreme Court explained, was that Florida did not require the jury to make the critical findings necessary to impose the death penalty but, rather, required a judge to find those facts. *Id.* at 622. The Supreme Court explained:

> As with Timothy Ring [in *Ring v. Arizona*], the maximum punishment Timothy Hurst could have received without any judge-made findings was life in prison without parole. As with Ring, a judge increased Hurst's authorized punishment based on her own factfinding. In light of *Ring*, we hold that Hurst's sentence violates the Sixth Amendment.

*Id.*

In *Smith v. Pineda*, Case No. 1:12-cv-196, 2017 WL 631410 (S.D. Ohio Feb. 16, 2017), as well as in a handful of other capital habeas corpus cases,[2] Magistrate Judge Michael Merz recently ruled that *Hurst* does not invalidate Ohio's capital sentencing scheme. Judge Merz explained:

> The Warden reads *Hurst* narrowly as just overruling *Spaziano* and *Hildwin* and allowing a capital sentencing scheme where the jury merely finds the facts necessary to make a defendant death eligible, e.g., the existence of an aggravating circumstance \*\*\*. In contrast, Smith contends the jury must decide the existence of mitigating factors and the weight to be given to them, as well as why the aggravating circumstances outweigh the mitigating factors \*\*\*. Presumably the explanation would have to be by some sort of special verdict.

---

447 (1984).
   [2] See *Henness v. Warden*, Case No. 2:14-cv-2580, 2017 WL 749198 (S.D. Ohio Feb. 27, 2017); *Gapen v. Bobby*, Case No. 3:08-cv-280, 2017 WL 661493 (S.D. Ohio Feb. 17, 2017), *Objections Overruled by* 2017 WL 3524688 (S.D. Ohio Aug. 15, 2017); *McKnight v. Warden*, Case No. 2:09-cv-59, 2017 WL 631411 (S.D. Ohio Feb. 15, 2017); *Chinn v. Jenkins*, Case No. 3:02-cv-512, 2017 WL 631412 (S.D. Ohio Feb. 13, 2017).

> This Court believes the correct reading of *Hurst* is that the relative weight of aggravating circumstances and mitigating factors is a question of fact akin to an element under the *Apprendi* line of cases, that is, a fact necessary to be found before a particular punishment can be imposed, e.g., a mandatory minimum sentence as in *Alleyne v. United States*, 570 U.S. —, 133 S.Ct. 2151, 186 L.Ed. 2d 314 (2013).
>
> *Hurst*, however, does not invalidate Ohio's capital sentencing scheme because Ohio's scheme is materially different from Florida's. At the time of Smith's trial, Ohio law required that, before a sentence of death could be imposed, the jury must find, beyond a reasonable doubt, that the aggravating circumstances outweighed the mitigating factors. That is to say, every fact necessary for imposition of a death sentence, including the fact that the proved aggravating circumstances outweigh the mitigating factors, had to be proved to the jury beyond a reasonable doubt.

*Smith*, 2017 WL 631410, at *3.

This Court agrees with Magistrate Judge Merz's ruling. Petitioner herein, who is represented by the same Federal Public Defender's office who represents Smith, makes the precise arguments that Smith made and that Magistrate Judge Merz rejected. (ECF No. 112, at PageID 11306-11308.) The Court also agrees with Magistrate Judge Merz's observation that Ohio's inclusion of the "extra protection" of requiring the trial judge to independently weigh the aggravating circumstances against the mitigating factors does not render Ohio's scheme unconstitutional. It bears emphasizing that if a jury finds that the statutory aggravating circumstance(s) outweigh the mitigating factor(s)—*i.e.*, that the defendant is death-eligible—the trial judge may accept or reject that finding. But "if the jury does not find the aggravating circumstances outweigh the mitigating factors, the judge cannot overrule that finding." *Smith*, 2017 WL 631410, at *3.

This Court concludes that, because *Hurst* does not invalidate Ohio's capital sentencing scheme, Petitioner's proposed amendment would be futile.

5

Although the foregoing is dispositive of this matter, Magistrate Judge Merz further concluded, and this Court agrees, that *Hurst* does not apply to cases on collateral review. *Smith*, 2017 WL 631410, at *4. Recalling that "[s]ubject to two narrow exceptions, a case that is decided after a defendant's conviction and sentence become final may not provide the basis for federal habeas relief if it announces a new rule[,]" Magistrate Judge Merz explained:

> The rule announced in *Hurst* is plainly new within the meaning of *Teague* [*v. Lane*, 489 U.S. 288, 301 (1989)]. It was not dictated by precedent. Indeed *Hildwin* and *Spaziano*, overruled by *Hurst*, were the relevant precedents. *Hurst* does not create a new substantive rule. Compare *Atkins v. Virginia*, 536 U.S. 304 (2002)(the intellectually disabled may not be executed), and *Johnson v. United States*, 135 S.Ct. 2551 (2015)(declaring unconstitutionally vague the "residual" clause of the Armed Career Criminal Act). Nor is it a watershed new rule of procedure. See *Beard v. Banks*, 542 U.S. 406, 415-16 (2004)(*Gideon v. Wainwright* might qualify under *Teague*'s second exception, but *Batson v. Kentucky*, for example, would not).

*Smith*, 2017 WL631410, at *4. The Court agrees with and adopts this reasoning. Petitioner has not cited any *federal* authority applying *Hurst* retroactively pursuant to *Teague v. Lane*. But see *Sneed v. Jenkins*, Case No. 5:17-cv-83, 2017 WL 564821 (N.D. Ohio Feb. 13, 2017) (holding that *Hurst* does not create a new rule but declining to address *Hurst*'s retroactivity); *Gapen*, 2017 WL 3524688, at * 5 (concluding that *Hurst* did not announce a new constitutional rule but in any event did not fall within a *Teague* exception). That *Hurst* does not apply to cases on collateral review amounts to another reason that Petitioner's proposed amendment would be futile.

Finally, as to bad faith or undue delay, Magistrate Judge Merz made the following remarks:

> Smith insists he has not acted in bad faith because his "request to amend is brought within AEDPA's one year statute of limitations." (ECF No. 86, PageID 2276.) The Motion to Amend was filed January 12, 2017, on the anniversary of *Hurst*. The fact that an amendment is filed within the statute of limitations does not per se prove it was filed without undue delay. To suggest that seven such

6

*Hurst* motions on this judge's docket and more on the dockets of other judges of this Court, all filed within hours of one another on the last day before the statute ran or on the very day, were all filed without "undue delay" tests the credulity of the Court.

No finding on the undue delay factor is made in light of the rulings on futility.

*Smith*, 2017 WL 631410, at *5. This Court does not believe anything more needs to be added to this astute observation.

For the foregoing reasons, Petitioner's Motion for Leave to File an Amended Petition to Address Newly Ripe Claims Under *Hurst v. Florida* (ECF No. 112) is **DENIED**.

***IT IS SO ORDERED.***

9-25-2017

**EDMUND A. SARGUS, JR.**
**Chief United States District Judge**