# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**ROLAND T. DAVIS,**

        **Petitioner,**

v.

**CHARLOTTE JENKINS, Warden,**

        **Respondent.**

**CASE NO. 2:10-cv-107**
**CHIEF JUDGE EDMUND A. SARGUS, JR.**
**MAGISTRATE JUDGE KIMBERLY A. JOLSON**

## OPINION AND ORDER

Petitioner Roland Davis, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action pursuant to 28 U.S.C. § 2254. This matter is before the Court for consideration of two motions (ECF Nos. 114 and 119) that address the same issue, to wit: whether Davis should be permitted to amend his Petition to add revised method-of-execution claims. Specifically, this matter is before the Court upon Respondent-Warden's Renewed Motion to Dismiss the Twenty-Fourth through Thirty-Third Grounds for Relief (the "Lethal-Injection Grounds") (ECF No. 114), Davis's Response (ECF No. 117), and the Warden's Reply (ECF No. 118); as well as Davis's Motion to File an Amended Petition to Include Revised Lethal Injection Grounds for Relief (ECF No. 119), the Warden's Opposition (ECF No. 120), and Davis's Reply (ECF No. 121).

### Procedural History

Davis filed his initial Petition on June 15, 2010 (ECF No. 15), after which the Court stayed the case and held the proceedings in abeyance while Petitioner completed certain state-court proceedings (ECF No. 18). It was on March 8, 2012, while this case was stayed, that Davis

1

first sought leave to amend his Petition to add one ground raising an Eighth Amendment challenge to Ohio's lethal-injection execution protocol and another ground raising a Fourteenth Amendment Equal Protection challenge to the same. (ECF No. 28.) After vacating its stay for the limited purpose of addressing Davis's motion (ECF No. 33), the Court on July 5, 2012 granted that motion (ECF No. 34). The Court concluded among other things that Davis's proposed claims did not run afoul of the habeas corpus statute of limitations, 28 U.S.C. § 2244(d)(1), and that Davis's claims were cognizable in habeas corpus pursuant to *Adams v. Bradshaw*, 644 F.3d 481, 484 (6th Cir. 2011), hereinafter "*Adams I*."[1] Davis filed his First Amended Petition on July 30, 2012 (ECF No. 35), adding his two method-of-execution challenges as sub-parts K and J of his twenty-third ground for relief.

The case remained stayed until Davis completed state-court proceedings, and was eventually reopened on February 19, 2014. (ECF No. 46.)

Nearly seven months later, on September 2, 2014, Davis filed a Second Amended Petition (ECF No. 61) pursuant to the reopening of the case. Davis replaced his two general method-of-execution claims with ten detailed method-of-execution claims, numbered twenty-four through thirty-three, that essentially mirrored claims being litigated in the § 1983 action captioned *In re: Ohio Execution Protocol Litigation*, Case No. 2:11-cv-1016.

Just one month later, on October 1, 2014, Davis filed a Motion to Stay consideration of his lethal-injection claims. (ECF No. 62.) Specifically, Davis requested sixty (60) days from the

---

[1] In *Adams I*, the Sixth Circuit rejected the Warden's argument that challenges to a particular method by which lethal injection will be conducted are not cognizable in habeas corpus. The Sixth Circuit dismissed the Warden's position as "too broad," explaining that Adams had not conceded the existence of an acceptable alternative method and that Adams's claim, if successful, could render his death sentence effectively invalid.

date Ohio conducted its first execution under the most recent iteration of Ohio's execution protocol—the planned February 11, 2015 execution of Ronald Phillips—to revise his method-of-execution claims. (*Id.*) On November 10, 2014, the Court granted Davis's motion, reiterating that his claims were cognizable in habeas corpus and concluding that facts stemming from the Phillips execution would be critical to Davis's ability to meaningfully plead his method-of-execution claims. (ECF No. 69.) The Court gave Davis sixty (60) days from the Phillips execution, to and including April 13, 2015, to revise his method-of-execution claims.[2]

On that April 13, 2015 deadline, the Court issued an order denying Davis's motion for an extension of time to address Ohio's issuance of new protocols and developments in the § 1983 case and state legislature (ECF No. 76). (ECF No. 79.) The Court gave Davis a new deadline of April 20, 2015 to revise his method-of-execution claims. (*Id.*)

On that date, Davis filed a Motion for Leave to File an Amended Petition to Include Amended Lethal Injection Claims (ECF No. 80), and attached those proposed claims in an exhibit (ECF No. 80-1). On April 23, 2015 (ECF No. 81), the Court granted Davis's motion, and Davis filed a Substituted Second Amended Petition on May 1, 2015. (ECF No. 85.)[3]

On September 29, 2015, the Court issued an Opinion and Order denying in part and granting in part the Warden's motion to dismiss procedurally defaulted claims. (ECF No. 94.) As to the method-of-execution challenges set forth in grounds twenty-four through thirty-three, the Court noted that those claims had been the subject of supplemental briefing (ECF Nos. 88,

---

[2]  Phillips was not executed on that date, but was recently executed on July 26, 2017.

[3]  Davis filed a Substituted Second Amended Petition (ECF No. 85) to remedy the fact that what was initially docketed as a Second Amended Petition (ECF No. 82) was the exhibit

89, 90, and 93) and that the Court would accordingly issue a separate order addressing those claims.

Specifically, the Warden in her July 14, 2015 Reply in support of her motion to dismiss the lethal injection claims addressed the impact of the Supreme Court's *Glossip v. Gross*, 135 S.Ct. 2726 (2015) decision on the Sixth Circuit's *Adams I* decision vis-à-vis the continued viability of method-of-execution claims raised in habeas corpus. (ECF No. 90.) Davis likewise addressed *Glossip* in an August 10, 2015 Sur-Reply. (ECF No. 93.) *Glossip* involved a § 1983 challenge by Oklahoma death row inmates to the use of midazolam as the first drug in Oklahoma's three-drug execution protocol, and included a comment characterizing the Supreme Court's prior precedent as holding that a method-of-execution claim must be brought under § 1983 because such a claim does not attack the validity of the prisoner's conviction or death sentence. *Glossip*, 135 S.Ct. at 2738.

Before this Court could address the supplemental pleadings concerning Davis's lethal injection claims, the Sixth Circuit on March 15, 2016 issued another decision in *Adams v. Bradshaw*, 817 F.3d 284 (6th Cir. 2016), hereinafter "*Adams II*." After ruling in *Adams I*, that Adams could pursue his lethal injection claim in habeas, the Sixth Circuit had remanded the case to the district court for factual development on that lethal injection claim. The district court complied, after which it again denied relief. On appeal, the Sixth Circuit acknowledged as an initial matter, "our recent holding that lethal injection does not violate the Constitution." *Id.* at 296-97 (citing *Scott v. Houk*, 760 F.3d 497, 512 (6th Cir. 2014) ("Simply put, lethal injection does not violate the Constitutional per se....")). The Sixth Circuit ultimately affirmed the denial

---

(ECF No. 80-1) setting forth just Davis's proposed revised lethal-injection claims.

of relief on Adams's lethal injection claim, but as to the claim's viability in habeas corpus, noted as follows:

> Lastly, notwithstanding the warden's assertion that a method-of-execution challenge can only be brought in a § 1983 action under *Hill v. McDonough*, 547 U.S. 573, 126 S.Ct. 2096, 165 L.Ed.2d 44 (2006), Adams can bring this claim in a § 2254 proceeding. As the warden submits, *Glossip* stated that *Hill* "held that a method-of-execution claim must be brought under § 1983 because such a claim does not attack the validity of the prisoner's conviction or death sentence." *Glossip*, 135 S.Ct. at 2738. As we observed in *Adams*, 644 F.3d at 483, however, Adams's case is distinguishable from that presented in *Hill* because at least some of Adams's claims, if successful, would bar his execution, and Adams does not concede that lethal injection can be administered in a constitutional manner. *Cf. Hill*, 547 U.S. at 580, 126 S.Ct. 2096.

*Adams II*, 817 F.3d at 299. The Sixth Circuit proceeded to note that despite not prevailing in habeas corpus, Adams could "still have a means of exploring his method-of-execution claim in his § 1983 action challenging Ohio's lethal injection protocol." *Id.* (citing *In re Ohio Execution Protocol Litigation*, No. 2:11-cv-1016 (S.D. Ohio)).

In response to *Adams II*, this Court on March 25, 2016, issued an Opinion and Order denying the Warden's Motion to Dismiss the Lethal-Injection Grounds, (ECF No. 88), without prejudice and subject to renewal following briefing on the impact of *Adams II*. (ECF No. 101.) Specifically, the Court gave the Warden fourteen (14) days from the date that the *Adams II* mandate issued to file a supplemental memorandum in support of her motion to dismiss Davis's lethal-injection grounds.

In response to that Order, as well as similar orders issued in other capital habeas corpus cases, the Warden on March 30, 2016 filed a Motion to Clarify in the Sixth Circuit. (Case No. 07-3688, Doc. 175-1.) After agreeing that the panel had rightly dismissed Adams's petition on the merits, the Warden issued the following request:

The Warden respectfully asks, in the interest of judicial economy, for clarification of one paragraph of the panel opinion that is causing confusion among the lower courts in a significant number of cases. The panel should clearly state that *Adams I* only allows a "*per se*" challenge to lethal injection brought under § 2254. Any challenge to "the particular procedure" for lethal injection laid out in Ohio's lethal injection protocol, Panel op. at 16, must be brought under § 1983."

*Id.* at Page 2. The Sixth Circuit granted the Warden's motion (Doc. 176), and on June 13, 2016, issued an Amended Opinion and Judgment (Doc. 177): *Adams v. Bradshaw*, 826 F.3d 306 (6th Cir. 2016), hereinafter "*Adams III.*"

In *Adams III*, the Sixth Circuit left unchanged its holdings from *Adams II* that lethal injection does not violate the Constitution per se, *Id.* at 318, and that Adams's lethal injection challenge did not warrant habeas corpus relief, *Id.* at 319-20. With respect to the issue of whether Adams could even bring his lethal injection claim in habeas corpus, the Sixth Circuit expanded on the "yes" it had set forth in *Adams II* as follows:

> Lastly, notwithstanding the warden's observation that a method-of-execution challenge can only be brought in a § 1983 action under *Hill v. McDonough*, 547 U.S. 573, 126 S.Ct. 2096, 165 L.Ed.2d 44 (2006), Adams can bring this claim in a § 2254 proceeding. As the warden submits, *Glossip* stated that *Hill* "held that a method-of-execution claim must be brought under § 1983 because such a claim does not attack the validity of the prisoner's conviction or death sentence." *Glossip*, 135 S.Ct. at 2738. As we observed in *Adams*, 644 F.3d at 483, however, Adams's case is distinguishable from *Hill* because Adams argues that lethal injection cannot be administered in a constitutional manner, and his claim "could render his death sentence effectively invalid." *Cf. Hill*, 547 U.S. at 580, 126 S.Ct. 2096. Our decision in *Adams* is consistent with the Supreme Court's reasoning in *Nelson*, which suggested that, under a statutory regime similar to Ohio's, "a constitutional challenge seeking to permanently enjoin the use of lethal injection may amount to a challenge to the fact of the sentence itself." 541 U.S. at 644, 124 S.CT. 2117. Thus, to the extent that Adams challenges the constitutionality of lethal injection in general and not a particular lethal-injection protocol, his claim is cognizable in habeas. *Adams*, 644 F.3d at 483. However, as the Supreme Court observed in *Glossip*, a challenge to a particular procedure that concedes the possibility of an acceptable alternative procedure is properly brought in a § 1983 action. *Glossip*, 135 S.Ct. at 2738.

6

*Adams III*, 826 F.3d at 320-21.

The *Adams III* mandate issued on January 23, 2017 and, on January 31, 2017, the Warden

filed a Renewed Motion to Dismiss the Twenty-Fourth through Thirty-Third Grounds (the

"Lethal-Injection Grounds"). (ECF No. 114.) Davis filed a Response on February 14, 2017

asking to withdraw his lethal-injection grounds and for leave to amend his petition to revise his

lethal-injection grounds. (ECF No. 117.) The Warden filed a Reply on February 15, 2017

objecting to Davis's request and supporting her motion to dismiss the lethal-injection grounds.

(ECF No. 118.)

As he stated he would, Davis on March 16, 2017 filed a Motion to File an Amended

Petition to Include Revised Lethal Injection Grounds for Relief. (ECF No. 119.) The Warden

filed an Opposition on March 20, 2017 (ECF No. 12) and Davis filed a Reply on April 3, 2017

(ECF No. 121).

This matter is accordingly before the Court on ECF Nos. 114 and 119.

Davis proposes to add the following four lethal-injection claims:

TWENTY-FOURTH GROUND FOR RELIEF: The State of Ohio cannot
constitutionally execute Petitioner because the only manner available under the
law to execute him violates his Eighth Amendment rights.

A.      Any drug DRC can procure to use to execute Petitioner via lethal injection
has a substantial, objectively intolerable risk of causing unnecessary, severe pain,
suffering, degradation, humiliation, and/or disgrace in violation of the Eighth
Amendment, and Ohio has no other manner of execution available to execute
Petitioner that complies with the Constitution.

B.      Any drug DRC can procure to use to execute Petitioner via lethal injection
poses an objectively intolerable risk of causing a lingering and/or undignified
death in violation of the Eighth Amendment, and Ohio has no other manner of
execution available to execute Petitioner that complies with the Constitution.

C.      The lack of legally obtainable, effective drugs to conduct Petitioner's

lethal-injection execution, and the reality that Ohio has no other manner of execution that complies with the Constitution, will cause Petitioner psychological torture, pain and suffering in violation of the Eighth Amendment.

D.     The unavoidable variations inherent in Ohio's lethal-injection system and DRC's continued and consistent inability to properly administer its execution protocols present a substantial, objectively intolerable risk of serious harm to Petitioner in violation of the Eighth Amendment, and Ohio has no other manner of execution available to execute Petitioner that complies with the Constitution.

E.     Petitioner's unique, individual physical and/or mental characteristics will cause any execution by lethal injection under Ohio law to violate the Eighth Amendment, and Ohio has no other manner of execution available to execute Petitioner that complies with the Constitution.

TWENTY-FIFTH GROUND FOR RELIEF:  The State of Ohio cannot constitutionally execute Petitioner because the only manner available for execution violates the Due Process Clause or the Privileges or Immunities Clause of the Fourteenth Amendment.

A.     Execution by lethal injection under Ohio law will deny Petitioner's interests in expecting and receiving a quick and painless death in violation of the Due Process Clause of the Fourteenth Amendment, and Ohio has no other manner of execution available to execute Petitioner that complies with the Constitution.

B.     Execution by lethal injection under Ohio law will deny Petitioner's interests in expecting and receiving a humane and dignified death in violation of the Due Process Clause of the Fourteenth Amendment, and Ohio has no other manner of execution available to execute Petitioner that complies with the Constitution.

C.     Petitioner's execution by lethal-injection under Ohio law will be a human experiment on a non-consenting prisoner in violation of the Due Process or Privileges or Immunities Clauses of the Fourteenth Amendment, and Ohio has no other manner of execution available to execute Petitioner that complies with the Constitution.

TWENTY-SIXTH GROUND FOR RELIEF:  DRC cannot constitutionally execute Petitioner because the only manner of execution available for execution under Ohio law violates the Equal Protection Clause of the Fourteenth Amendment.

A.     Equal Protection – Fundamental Rights.

B.     Equal Protection – "Class-of-One" Disparate Treatment.

TWENTY-SEVENTH GROUND FOR RELIEF:   The State of Ohio cannot constitutionally execute Petitioner because Ohio's violations of federal law constitute a fundamental defect in the execution process, and the only manner of execution available for execution depends on state execution laws that are preempted by federal law.

A.     DRC's actions in obtaining execution drugs, its import, purchase, possession, dispensing, distribution and/or administration (and any other terms of art under the CSA) of those drugs violate the CSA.

B.     DRC's actions in obtaining execution drugs, its import, purchase, possession, dispensing, distribution and/or administration (and any other terms of art under the FDCA) of those drugs contravene the FDCA because those drugs used in an execution are unapproved drugs and/or misbranded drugs and/or constitute unapproved Investigational New Drugs.

C.     DRC's actions in obtaining compounded controlled substances for use as execution drugs, its import, purchase, possession, dispensing, distribution and/or administrations (and any other terms of art under the CSA or FDCA) of those drugs violate federal law.

D.     The violations of federal statutory law committed by the State of Ohio will amount to a fundamental defect in the execution process warranting habeas corpus relief.

(ECF No. 119-1, at PageID 11376-11378.)

### Parties' Arguments

According to Davis, *Adams III* makes clear that Davis's method-of-execution claims may be brought in habeas corpus.  (ECF No. 119, at PageID 11368-11369 (citing *Adams III*, 826 F.3d at 321).)  Specifically, Davis asserts that, as permitted by *Adams III*, his habeas method-of-execution claims are not focused solely on the facts of the current Ohio execution protocol.  At the same time, Davis insists that his claims necessarily encompass the facts relevant to the manner in which the State will conduct executions under the current protocol and conducted executions under previous protocols.  (ECF No. 119, at PageID 11370.)  Davis adds that

conversely, his habeas method-of-execution claims are not so broad as to be construed as raising

a claim that lethal injection executions are *per se* unconstitutional. Davis's claims are not *per se*

challenges, Davis explains, "because the claims depend on later-arising facts related to Davis's

health conditions, facts relevant to Ohio's particular execution protocols, and facts regarding

Ohio's (non) adherence to the law in carrying out those protocols." (*Id.* at PageID 11371 (citing

*United States v. Taley*, 431 F.3d 784, 786 (11th Cir. 2005).) Davis concludes as follows:

> [Davis] is not asserting "a challenge to *any possible execution* by lethal injection"
> of anyone, anywhere. Davis is not claiming that lethal injection as an execution
> method is always (*per se*) unconstitutional regardless of the inmate or State or
> execution protocol involved and thus *any* death sentence using lethal injection is
> unconstitutional. Instead, Davis is alleging *his* death sentence is invalid because
> the State of Ohio, by operation of its own state law, can *only* use lethal injection
> to carry out his sentence, but Ohio cannot constitutionally carry out lethal
> injection execution on Davis due to his unique, individual characteristics and
> DRC's inability to adopt or implement any constitutionally sufficient execution
> protocol. While Davis is challenging the validity of his death-sentence judgment,
> evidence specific to his allegations is key to prevailing in his individualized
> challenges, because a habeas claim without any evidence to support it will be
> rejected.

(ECF No. 119, at PageID 11372-11373 (emphasis in original).)

The Warden counters that pursuant to *Adams III*, Lindsey's method-of-execution claims

must be dismissed as not cognizable in habeas corpus. (ECF No. 114, at PageID 11329-11330;

ECF No. 120, at PageID 11480-11481.) According to the Warden, "[t]he Sixth Circuit has

clarified that a capitally sentenced prisoner may present, via habeas corpus, *only* a general

challenge to the state's use of lethal injection as a method of execution, but *may not* challenge

the constitutionality of a particular lethal-injection protocol, which is properly brought in a §

1983 action." (ECF No. 120, at PageID11480-11481 (citing *Adams III*, 826 F.3d at 320-21).)

The Warden insists that the method-of-execution claims that Davis now seeks to add do not

constitute a general challenge to lethal injection, but rather amount to an attempt to litigate the specific protocols that Ohio intends to use.[4] (ECF No. 120, at PageID 11481; ECF No. 114, at PageID 11330.) The Warden complains that Davis's argument essentially invites the Court to ignore *Adams III*, and "utterly shreds *Adams III*'s critical distinction between a cognizable 'general challenge' to lethal injection and a non-cognizable challenge to the constitutionality of a particular lethal-injection protocol." (ECF No. 120, at PageID 11481 (discussing *Henness v. Jenkins*, No. 2:14-cv-02580 (S.D. Ohio Feb. 27, 2017), Transfer Order (ECF No. 48, at PageID 586-587).) The Warden concludes that under *Adams III*, Davis's "proposed lethal injection claims go beyond the type of general challenge cognizable in habeas corpus and are properly brought in a civil action under § 1983." (ECF No. 120, at PageID 11482.)

In his Reply, Davis insists that despite the Warden's attempt to ignore or misrepresent the message of *Adams III*, that decision "makes clear that petitioners such as Davis may litigate lethal-injection claims in habeas even after *Glossip*, so long as those grounds allege that lethal injection cannot ever be administered on him by the State of Ohio in a constitutional manner – which Davis's proposed grounds for relief do allege[.]" (ECF No. 121, at PageID 11486.) Davis explains:

> The underlying theory of Davis's lethal-injection grounds for relief is that Ohio has never been able to constitutionally administer any of its lethal-injection execution protocols; that Ohio will be unable to legally obtain execution drugs and constitutionally administer its current or any future lethal-injection execution protocols to execute Roland Davis; and that because it has no other means of execution, Ohio will not be able to constitutionally execute Roland Davis by

---

[4] The Warden asserts in the alternative that "[s]hould Davis attempt to assert that his claims, while 'looking like' they challenge the particular method really amount to a per se challenge to lethal injection, then his claims should be denied on the merits." (ECF No. 114, at PageID 11330.) The Court takes note of the Warden's argument, but the merits of Davis's claims are not yet at issue.

lethal injection – rendering his sentence of death invalid. This is precisely the type of claim contemplated by *Nelson v. Campbell*, 541 U.S. 637, 646 (2004), and *Adams III*.

(ECF No. 121, at PageID 11487.) Davis also takes issue with the Warden's reliance on language from *Henness*, insofar as the issue in that decision—whether Henness's petition containing lethal injection claims was an unauthorized second or successive petition—is not at issue in this case. (*Id.* at PageID 11488.) Davis next explains why it is necessary that he repeatedly revise his pleadings to demonstrate why Ohio has never been and will never be able to constitutionally administer lethal-injection executions, and why these revisions do not amount to "protocol specific claims" outside the scope of *Adams III*:

> Contrary to the Magistrate Judge's observations in *Henness*, Davis must demonstrate the ongoing inability of the State of Ohio to constitutionally implement its lethal-injection execution protocols, including the lethal-injection execution protocol it intends to use to execute Davis. To do so, Davis must necessarily rely on and prove facts related to Ohio's inability to constitutionally implement each of the many lethal-injection execution protocols that [the] state has enacted – including the most recent one. Because the State of Ohio has repeatedly adopted a new and revised lethal-injection execution protocols, Davis must repeatedly revise his pleadings to demonstrate that Ohio's latest experiment in lethal-injection execution protocols also cannot be implemented in a constitutional manner – thus rendering his sentence of death invalid. Rather than being "protocol specific claims" as the Warden argues, Davis' Grounds for Relief constitute a general challenge to the administration of lethal-injection executions in Ohio as they will be applied to Roland Davis.

(ECF No. 121, at PageID 11488-11489.) To this point, Davis notes that *Adams III* itself recognized that capital prisoners could still explore their method-of-execution claim in § 1983, and that in doing so, might develop new facts and evidence that could be used in support of the general challenges they might lodge in habeas. (*Id.* at PageID 11489.)

**Analysis**

A motion to amend a habeas corpus petition is, per 28 U.S.C. § 2242, subject to the same

12

standards which apply generally to motions to amend under Fed. R. Civ. P. 15(a). The general

standard for considering a motion to amend under Fed. R. Civ. P. 15(a) was enunciated by the

United States Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper
> subject of relief, he ought to be afforded an opportunity to test his claim on the
> merits. In the absence of any apparent or declared reason – such as undue delay,
> bad faith or dilatory motive on the part of the movant, repeated failure to cure
> deficiencies by amendments previously allowed, undue prejudice to the opposing
> party by virtue of any allowance of the amendment, futility of amendment, etc. –
> the leave sought should, as the rules require, be "freely given."

371 U.S. at 182. *See also Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997) (citing *Foman*

standard). In considering whether to grant motions to amend under Rule 15, a court should

consider whether the amendment would be futile, i.e., if it could withstand a motion to dismiss

under Rule 12(b)(6). *Hoover v. Langston Equip. Assocs.*, 958 F.2d 742, 745 (6th Cir. 1992);

*Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 248 (6th Cir. 1986); *Marx v. Centran

Corp.*, 747 F.2d 1536 (6th Cir. 1984); *Communications Systems, Inc. v. City of Danville*, 880

F.2d 887 (6th Cir. 1989); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir.

1983); *Neighborhood Development Corp. v. Advisory Council*, 632 F.2d 21, 23 (6th Cir. 1980).

Likewise, a motion to amend may be denied if it is brought after undue delay or with dilatory

motive. *Foman*, 371 U.S. 178; *Prather v. Dayton Power & Light Co.*, 918 F.2d 1255, 1259 (6th

Cir. 1990).

A claim added by amendment "relates back" to the date of filing of the complaint in a

civil case and thereby avoids any statute of limitations bar if it "arose out of the conduct,

transaction, or occurrence set out – or attempted to be set out – in the original pleading; . . ."

Fed. R. Civ. P. 15(c)(1)(B). The Supreme Court has applied the relation back doctrine narrowly

in habeas corpus cases, holding:

> An amended habeas petition … does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.

*Mayle v. Felix*, 545 U.S. 644, 650 (2005).

Against this backdrop, the Court's analysis begins and ends with Davis's proposed claims as pleaded, vis-à-vis *Adams III*. The claims that Davis seeks to add – grounds twenty-four through twenty-seven – appear to fit within *Adams III*'s definition of cognizability. They are not so broad as to constitute a *per se* challenge to lethal injection executions, which Sixth Circuit precedent forecloses, but not so narrow as to be protocol-specific, which the *Adams* decisions would require to be raised in a § 1983 civil rights action. As Magistrate Judge Michael Merz recently observed in *Bays v. Warden, Chillicothe Correctional Institution*, Case No. 3:08-cv-076, 2017 WL 1315793 (S.D. Ohio Apr. 10, 2017), as to similar (if not identical) claims:

> As proposed to be pled, Bays' four new lethal injection invalidity claims quoted above fit within the cognizability window recognized in *Adams III*. That is to say, they are not claims that lethal injection executions are per se unconstitutional; such a claim would be precluded by precedent. As this Court understands the Sixth Circuit's classification in *Adams I, II, and III*, a per se claim would read something like "It is unconstitutional for any American State to execute anyone by lethal injection." Instead, these claims are general in the sense that they assert "It is and always will be unconstitutional for the State of Ohio to execute Mr. Bays by any lethal injection procedure and because Ohio authorizes executions only by lethal injection, his death sentence is invalid."

*Bays*, 2017 WL 1315793, at *6. Because Davis's proposed claims, if successful, would effectively enjoin the State of Ohio from executing him by the only means authorized by state statute, his claims would effectively, even if not technically, render his death sentence invalid. Those types of claim sound in habeas corpus.

Based on the foregoing, the Warden's argument that Davis's proposed lethal injection grounds are not cognizable in habeas corpus is not well-taken. Accordingly, the Warden's Renewed Motion to Dismiss Davis's Lethal Injections (ECF No. 114) is **DENIED**, and Davis's Motion to File an Amended Petition to Include Revised Lethal Injection Grounds for Relief (ECF No. 119) is **GRANTED**. Davis shall have ten (10) days from the date of this Opinion and Order to file a complete Third Amended Petition including the four proposed grounds set forth in the attachment (ECF No. 119-1) to his Motion. Those grounds should be numbered twenty-four, twenty-five, twenty-six, and twenty-seven to distinguish them from method-of-execution grounds previously set forth in this case.

    *IT IS SO ORDERED.*

      9 -28 -2017
**DATE**                             **EDMUND A. SARGUS, JR.**
                                  **CHIEF UNITED STATES DISTRICT JUDGE**