# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**ROLAND T. DAVIS,**

      **Petitioner,**

v.

**CHARLOTTE JENKINS, Warden,**

      **Respondent.**

**CASE NO. 2:10-cv-107**
**CHIEF JUDGE EDMUND A. SARGUS, JR.**
**MAGISTRATE JUDGE KIMBERLY A. JOLSON**

## OPINION AND ORDER

Petitioner Roland Davis, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action pursuant to 28 U.S.C. § 2254. This matter is before the Court for consideration of Respondent-Warden's Motion to Reconsider the Court's Opinion in ECF. 128. (ECF No. 129.)

On September 28, 2017, this Court issued an Opinion and Order denying the Warden's Renewed Motion to Dismiss Davis's Lethal Injection Claims (ECF No. 114), and granting Davis's Motion to File an Amended Petition to include Revised Lethal Injection Grounds for Relief (ECF No. 119). (ECF No. 128.) This Court allowed the amendment on the basis of *Adams v. Bradshaw*, 826 F.3d 306, 321 (6th Cir. 2016), hereinafter "*Adams III*," in which the Court of Appeals for the Sixth Circuit reiterated prior holdings in that case that "to the extent Adams challenges the constitutionality of lethal injection in general and not a particular lethal-injection protocol, his claim is cognizable in habeas." In concluding that Davis's claims "appear[ed] to fit within *Adams III*'s definition of cognizability[,]" the Court found that the claims were "not so broad as to constitute a *per se* challenge to lethal injection executions, which

1

Sixth Circuit precedent forecloses, but not so narrow as to be protocol-specific, which the *Adams*

decisions would require to be raised in a § 1983 civil rights action." (ECF No. 128, at PageID

11578.) In other words, Davis's claims as proposed were cognizable in habeas corpus, pursuant

to *Adams III*, because those claims, "if successful, would effectively enjoin the State of Ohio

from executing him by the only means authorized by state statute[.]" (*Id.*)

The Warden asks the Court to reconsider its decision, citing "the most recent decision of

the Sixth Circuit on the matter of lethal injection claims, *In re: Tibbetts*, ___ F.3d ___, 2017

U.S. App. LEXIS 13664 (6th Cir. Jul. 24, 2017)." (ECF No. 129.) In *In re Tibbetts*, 869 F.3d

403 (6th Cir. 2017), the Sixth Circuit dismissed Tibbetts's attempt to raise in a second or

successive habeas corpus petition lethal-injection claims similar to the claims that this Court

allowed Davis to add in granting him leave to amend. Specifically, the Warden cites the

following footnote from the majority's decision in *Tibbetts*:

> The dissent posits that the Sixth Circuit has "authorized" what it calls
> "intermediate challenges" to lethal injection execution that may be cognizable in
> habeas and not just in a § 1983 claim, citing *Adams v. Bradshaw*, 826 F.3d 306,
> 321 (6th Cir. 2016). Yet, while the *Adams* court recognized the *possibility* of
> such a claim, citing *Nelson v. Campbell*, 541 U.S. 637, 644, 124 S.Ct. 2117, 158
> L.Ed.2d 924 (2004), it affirmed the denial of habeas relief because petitioner's
> claim was more appropriately pursued in his ongoing § 1983 litigation. That is
> the same result we reach here. The allegations of Tibbetts's most recent petition
> fail to persuade us, despite clever semantics, that his challenge is other than a
> challenge to a particular application of a particular method of execution to [a]
> particular person, not a challenge to the validity of his sentence itself.

(ECF No. 129, at PageID 11581 (quoting *In re: Tibbetts*, 869 F.3d at 411 n.2).) The Warden

asserts that "the Sixth Circuit has found claims such as those Davis wishes to raise in this case to

be veiled challenges to a particular protocol of lethal injection rather than a cognizable general

challenge to lethal injection itself." (ECF No. 129, at PageID 11582.) For the reasons that

follow, the Warden's motion is not well taken.

This Court was aware of the *In re: Tibbetts* decision. In hindsight, the better course would have been to mention it. *In re: Tibbetts* does not support the Warden's requested relief. *Tibbetts* did not, and could not, reverse *Adams III*, leaving two somewhat inconsistent published decisions. In fact, the majority in *Tibbetts* cited to *Adams III*, recognizing that the case has not been overturned. It is also well settled that one panel of the Court of Appeals cannot overrule the published decision of an earlier panel of that Court of Appeals. The Sixth Circuit has consistently held that "[t]he prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting *en banc* overrules the prior decision." *Salmi v. Secretary of Health and Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985); *see also United States v. Simpson*, 520 F.3d 531, 540-41 (6th Cir. 2008); *United States v. Young*, No. 2007-cr-102, 2007 WL 4118965, at *8 (W.D. Mich. Nov. 16, 2007) ("In other words, when two published decisions reach irreconcilable conclusions, the earlier decision controls." (collecting cases).) This Court is not faced with an inconsistent decision of the United States Supreme Court or an *en banc* decision overruling *Adams III*. *Adams III* is binding on this Court. The Court is of the view that the more prudent approach is to allow an amendment consistent with *Adams III*, and merely allowed Davis to amend his habeas corpus petition. The Court is hopeful that further authority from the Sixth Circuit or Supreme Court will answer the question of whether *Tibbetts* and *Adams III* are inconsistent and, if so, resolve that conflict.

For the foregoing reasons, the Warden's Motion to Reconsider the Court's Opinion in ECF. 128 (ECF No. 129) is **DENIED**.

*IT IS SO ORDERED.*

9-29-2017
_____
DATED

_____
EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE

4