IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROLAND T. DAVIS,

    Petitioner,

v.

DAVID BOBBY, Warden,

    Respondent.

Case No. 2:10-cv-107
CHIEF JUDGE SARGUS
Magistrate Judge Jolson

## OPINION AND ORDER

Petitioner, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action pursuant to 28 U.S.C. § 2254. This matter is before the Court for consideration of Petitioner's Objections to the Magistrate Judge's Opinion and Order (ECF 122) Denying Petitioner's Motion for Discovery (ECF 108). (ECF No. 125.) The Respondent-Warden filed a Response (ECF No. 126) on August 3, 2017.

Petitioner's First Motion for Discovery related to grounds one (improper use of a visible stun-belt device); seventeen (state's failure to disclose material, favorable evidence in violation of *Brady v. Maryland*); and eighteen (ineffective assistance of counsel). (ECF No. 108.) On June 13, 2017, the Magistrate Judge denied Petitioner's motion without prejudice. *Davis v. Bobby*, Case No. 2:10-cv-107, 2017 WL 2544083 (S.D. Ohio, East. Div. Jun. 13, 2017); ECF No. 122. Petitioner appeals that decision, objecting that the discovery he seeks is not precluded by the Supreme Court's decision of *Cullen v. Pinholster*, 563 U.S. 170 (2011), and asserting that Petitioner satisfies the habeas corpus "good cause" standard for all of the discovery he requests. (ECF No. 125.)

1

Petitioner first argues that *Pinholster* does not preclude discovery. (ECF No. 125, at PageID 11517-11525.) In *Pinholster*, the Supreme Court concluded that the district court had improvidently conducted an evidentiary hearing on a claim that the state courts had rejected on the merits, holding that " 'review under § 2243(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.' " (*Id.* at * 2 (quoting *Pinholster*, 563 U.S. at 181-82. In the instant case, the Magistrate Judge concluded that even though *Pinholster* itself did not address discovery, and even though neither the Supreme Court nor the Sixth Circuit has provided much guidance on that matter since, "*Pinholster* must be applied to the discovery requests here." *Davis*, 2017 WL2544083, at * 3. The Magistrate Judge determined that "*Pinholster*'s holding necessarily informs any determination as to whether discovery is warranted[]" because "[h]ow can good cause exist to conduct discovery that, as a matter of law, cannot be used?" *Id.* The Magistrate Judge additionally discussed numerous decisions in which courts considered whether or to what extent to apply *Pinholster* in weighing requests for discovery, and concluded that the answer is largely trending toward applying *Pinholster*. *Id.* at * 3-4. Rejecting Petitioner's arguments that *Pinholster* ought not be prohibitive where serious questions exist as to the conduct of the trial or collateral review, or where the § 2254(d)(1) threshold standard does not preclude habeas relief, and acknowledging that "there are circumstances under which consideration of new evidence does not contravene *Pinholster*, the Magistrate Judge denied Petitioner's motion without prejudice, subject to reconsideration or renewal should the Court determine that any of those circumstances exist. *Id.* at * 5.

The Court has considered Petitioner's objection, and finds no basis for distinguishing or disregarding the cases that the Magistrate Judge discussed, or otherwise demonstrating why the

2

interests of judicial economy do not demand the consideration of *Pinholster* at the discovery stage. Neither the extent of Petitioner's diligence nor perceived shortcomings in state-court collateral processes creates an exception to *Pinholster*'s reach. Petitioner has likewise failed to demonstrate the current existence of any circumstances—whether those enumerated by the Magistrate Judge or additional circumstances hypothesized by Petitioner (ECF No. 125, at PageID 11522, n. 3)—where *Pinholster* does not preclude the consideration of new evidence. The Court **OVERRULES** Petitioner's objection that "*Pinholster* does not preclude discovery," (*Id.* at PageID 11517-11525), and **ADOPTS** the Magistrate Judge's Opinion and Order denying Petitioner's motion for discovery without prejudice.

Petitioner next sets forth arguments for why, under habeas corpus discovery standards unrelated to *Pinholster*, he is entitled to discovery. (ECF No. 125, at PageID 11525-11543.) The Magistrate Judge, having denied Petitioner's discovery motion without prejudice, did not undertake to determine whether Petitioner could demonstrate good cause for any of the discovery he sought. This Court agrees with and adopts that course.

For the foregoing reasons, the Court **OVERRULES** Petitioner's Objections to the Magistrate Judge's Opinion and Order Denying Petitioner's Motion for Discovery (ECF No. 125), and **ADOPTS** the Magistrate Judge's Opinion and Order denying Petitioner's motion for discovery without prejudice (ECF No. 122).

***IT IS SO ORDERED.***

4-23-2018

**EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT CJUDGE**

3